**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIAS NAEL ELIAS AL FAKHOURI,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   15-71471<br><br>Agency No. A205-541-125<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2021**

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Elias Nael Elias Al Fakhouri, a native and citizen of Jordan, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Al Fakhouri failed to establish past persecution or a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (persecution is an "extreme concept" that "does not include every sort of treatment our society regards as offensive" (internal quotation marks omitted)); *id.* at 1022 (petitioner failed to provide "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Al Fakhouri's asylum claim fails. Additionally, because Al Fakhouri did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's denial of Al Fakhouri's CAT claim because he failed to establish it is more likely than not he would be tortured by or

with the consent or acquiescence of the government if returned to Jordan. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Al Fakhouri's motion to remand because he did not show that the additional letters could not have been discovered or presented at the former hearing. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (explaining that the BIA can deny a motion to remand based on failure to introduce previously unavailable, material evidence).

Finally, the record does not support Al Fakhouri's assertion that the agency failed to review and consider the evidence presented. *See, e.g.*, *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) ("There is no indication that the IJ or BIA did not consider all the evidence before them.").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**